MARILYN Kelly, J.
(concurring in part and dissenting in part). I concur in the majority’s decision to reinstate defendant’s conviction for manslaughter but dissent from the pronouncement that the doctrine of imperfect self-defense does not exist in Michigan law. Any opining about the doctrine is unnecessary to resolve this matter and should be left for another day and a more appropriate case.
Defendant was convicted of manslaughter after a bench trial. In the Court of Appeals, he asserted that he was entitled to an acquittal on the basis of self-defense and that the trial judge’s findings of fact were clearly erroneous. At issue was the judge’s finding that defendant was the initial aggressor.
The Court of Appeals vacated the manslaughter conviction and remanded for a new trial. The prosecution appealed in this Court, asserting that the trial court’s finding was not clearly erroneous and that defendant’s manslaughter conviction should he reinstated.
*162 The majority opinion agrees that the finding was not clearly erroneous. Because that is the question at issue on appeal in this Court, answering it is all that is needed to resolve the appeal. Hence, a determination whether imperfect self defense should continue to exist in Michigan law is unnecessary to the resolution of this case and irrelevant. The appropriate holding is that the Court of Appeals incorrectly applied the clear error standard in setting aside the finding that defendant was the initial aggressor.
Because the trial court acquitted defendant of second degree murder, for the prosecution to renew the count would constitute double jeopardy.[1] As the prosecution stated in its arguments before this Court, we cannot now consider whether defendant should have been convicted of murder; that ship has sailed. At this point, the prosecution can charge and try defendant only for manslaughter. Hence, the doctrine of imperfect self-defense could not arise again in this matter, it not being a mitigating defense to manslaughter. Consequently, answering the question in this decision of whether imperfect self-defense exists has no effect on the relief available to either party.
Further supporting this position is the fact that both parties stated at oral argument that this is not the case to address the doctrine of imperfect self-defense. However intertwined the doctrine may have been with the lower court’s ruling, we need not adjudicate its appropriateness in order to decide the case. The majority has selectively dissected the defense out of the lower court’s analyses and dispatched it from Michigan’s jurispru *163 dence despite the fact that doing so was unnecessary and neither party requested it. I would reverse the Court of Appeals’ judgment and reinstate defendant’s conviction for manslaughter. But I would not reach out to strike down the doctrine of imperfect self-defense.
CAVANAGH and HATHAWAY, JJ., concurred with MARILYN Kelly, J.

 See also MCL 768.33, which states: “When a defendant shall he acquitted or convicted upon any indictment for an offense, consisting of different degrees, he shall not thereafter he tried or convicted for a different degree of the same offense .. .